SWEETZER, RESPONDENT, *v.* DIEHL ET AL., APPELLANTS.

[Submitted October 30, 1893. Decided July 2, 1894.]

PLEADING—*Vendor and vendee—Fraud—Mortgages—Deficiency judgment.*—An answer by the vendee of mortgaged premises to an action to foreclose the mortgage and to obtain a deficiency judgment against him, under a clause in the deed providing for the assumption of the mortgage debt, which avers that such clause was fraudulently inserted, and that defendant's agent had no authority to accept a deed containing such a provision, states a good defense, without alleging the tender of a deed back to his grantor upon discovery of the fraud.

*Appeal from First Judicial District, Lewis and Clarke County.*

FORECLOSURE. Demurrer to answer of defendant Mantle was sustained by BUCK, J. Reversed.

Statement of the case by the court:

The sole question involved in this appeal is whether the allegations of the separate answer on the part of the defendant Mantle are sufficient to constitute a defense. The object of the action is to enforce payment of a promissory note for thirteen hundred dollars, and foreclosure of a mortgage executed by defendant George B. Diehl, and Hannah, his wife, on certain real property in the city of Helena, to secure payment of the same, and for a deficiency judgment against Mantle, the grantee of the mortgaged premises, subsequent to the execution of said mortgage, as well as the other defendants, for any portion of said debt remaining unpaid after application of the proceeds of the sale of said mortgaged property. It appears that, after making said mortgage, Diehl and wife conveyed said premises to defendant Mantle, and it is alleged by plaintiff that in said conveyance, as one of the conditions of the purchase by Mantle, he assumed and agreed to pay said note; and, by virtue of that assumption, plaintiff demands a deficiency judgment against Mantle for any deficiency remaining after the application of the proceeds arising from the sale of the mortgaged premises. In this action Diehl and wife are in default. Mantle filed his separate answer, wherein he denies, on several grounds, personal liability for payment of said note, or any part thereof remaining unpaid after application of the proceeds from the sale of the mortgaged premises. Demurrer to his separate answer was sustained by the court, and defendant Mantle appealed.

The answer of Mantle, which was rejected on demurrer as insufficient, reads (omitting formal allegations) as follows:

"Admits that on or about the sixteenth day of April, 1890, for a valuable consideration and by regular deed of conveyance, the said George B. Diehl and wife sold, granted, and conveyed the premises described in plaintiff's complaint to this defendant, subject to plaintiff's mortgage; but defendant denies that he covenanted with and promised the said George B. Diehl, except as hereinafter set forth, as part or for any consideration therefor, that he, the said Mantle, would assume and pay the plaintiff's said mortgage. Admits that the deed executed by the said George B. Diehl and wife to him contained the follow-

ing clause, to wit: 'Subject to a mortgage of thirteen hundred (1,300) dollars made by the parties of the first part to M. Bolles & Co., of Boston, bearing interest at eight per cent, payable half-yearly, which mortgage, together with the interest thereon, the party of the second part hereby assumes and agrees to pay, according to the tenor thereof,' but alleges that, at the time of the execution of said deed, and the acceptance thereof by him, it was without the knowledge on his part that the said deed contained the said clause, and that he had no knowledge of the fact that the said deed did contain said clause until this action was brought; that, at the time of the execution of the said deed, one Charles Jeffreys was the agent of the said defendant Mantle, and acted for the said Mantle in the purchase of the said property; that the only authority given by the said Mantle to the said Jeffreys for the purchase of the said property was to purchase the said property from the said George B. Diehl, subject to plaintiff's mortgage; that the said agent, Charles Jeffreys, had no authority to bind the said defendant, in assuming and agreeing to pay the said mortgage; and that the said Charles Jeffreys, in accepting a deed containing a clause hereinbefore set forth, acted without authority and without defendant's knowledge.    Defendant denies that, in part of any consideration for the conveyance of said property, he promised the said George B. Diehl, that he, the said Mantle, would assume and pay the plaintiff's said mortgage.    Denies that he accepted the deed of conveyance, and denies that at his instance and request the same was recorded on the nineteenth day of April, 1890, in book 23 of deeds, page 342; but, on the contrary thereof, defendant alleges that he has never seen the said deed, or accepted the same, and that the same was received by his said agent, Charles Jeffreys, as hereinbefore set forth, and who recorded the same without the knowledge, consent, or authority of the said defendant. Defendant denies that he is now the owner of the said property.    For further answer, defendant alleges that, at the time of the execution of the said deed, it was fully understood and agreed upon by and between the said George B. Diehl and Hannah Diehl and the said Charles Jeffreys, as agent of the defendant, that the same deed should be made subject to the

mortgage of thirteen hundred (1,300) dollars existing on said premises, and that the said property should be taken subject to the said mortgage; and defendant alleges that through fraud, imposition, and deceit of said George B. Diehl, a clause was inserted in said deed, as set forth in plaintiff's complaint, the said George B. Diehl thereby fraudulently seeking to bind said defendant to assume and agree to pay the said mortgage, but that the said mortgage was not assented to by the said Charles Jeffreys, as agent of the said defendant, and the said deed was accepted by the said Jeffreys without knowledge of the fact that the said clause existed therein."

The statute of frauds was also set up in the answer of Mantle as further defense, but no point is made on this appeal respecting that plea. The demurrer to the answer of Mantle states two grounds of objection to that portion of the answer here under consideration: 1. That the facts therein set forth are not sufficient to constitute a defense; 2. That the answer is uncertain and ambiguous.

*Corbett & Wellcome,* for Appellant.

The court erred in sustaining the demurrer of the plaintiff to the answer of the defendant Lee Mantle, for the reasons following: 1. That the answer states that defendant had no knowledge that the deed mentioned in plaintiff's complaint contained a clause binding this appellant to assume and pay the said mortgage, and where, under such circumstances, a clause to such effect is contained in a deed, the same is not binding upon the grantee where he repudiates the deed as soon as he learns of the existence of the clause. (2 Devlin on Deeds, § 1077; *Stevens Institute of Technology* v. *Sheridan,* 30 N. J. Eq. 23; *Cordts* v. *Hargrave,* 29 N. J. Eq. 446; *Culver* v. *Badger,* 29 N. J. Eq. 74.) 2. The acceptance by an agent of a deed containing a clause binding a principal to pay an existing mortgage upon the premises conveyed 'does not bind the principal, if the agent is without authority. (2 Devlin on Deeds, § 1076; *Fairchild* v. *Lynch,* 42 N. Y. Sup. Ct. 265.) And in the answer of the said defendant it appears that at the time of the execution of the deed and its alleged acceptance the transaction was had through the agent of the defendant,

and that said agent had no authority to purchase said property and to bind the defendant Lee Mantle to pay the outstanding mortgage. 3. The defendant Lee Mantle had the right to defend in the action, and to have the question of the acceptance of the deed by himself and the question of fraud in the insertion of the disputed clause in the deed determined in this action. And the defendant Mantle had a right to have these matters determined upon a showing of an equitable defense to the court, notwithstanding the legal character of the action against him. Equitable defenses may be set up in an action of a legal nature. (*Crary* v. *Goodman,* 12 N. Y. 266; 64 Am. Dec. 506; *Carpentier* v. *City of Oakland,* 30 Cal. 439; *Jackson* v. *Lodge,* 36 Cal. 55; *Bruck* v. *Tucker,* 42 Cal. 346.) It is the duty of the trial court first to try and decide upon the equitable defense before proceeding with the action at law. (*Martin* v. *Zellerbach,* 38 Cal. 300; 99 Am. Dec. 365.) The demurrer sets up in its second statement that the answer is uncertain and ambiguous. Such is not admitted; but, if it be true, the plaintiff cannot disregard any proper defense set up in the answer, though other defenses inconsistent therewith be pleaded. (*Bell* v. *Brown,* 22 Cal. 671; *Buhne* v. *Corbett,* 43 Cal. 264.)

*Leslie & Craven,* for Respondent.

The demurrer to the answer was properly sustained upon the ground that the facts stated were not sufficient to constitute a defense. It is a familiar principle of pleading, where an equitable defense is allowed in an action at law, that the defendant must plead the facts constituting such defense as fully as he would be required to do, were he to come into court as plaintiff asking for the same or other similar relief. The cases cited by appellant in the 30 and 42 California illustrate and affirm that principle. Had appellant brought a suit in equity, alleging that plaintiff was threatening a foreclosure, and asking for a reformation or rescission of the deed, equity would have compelled him to make Diehl a party defendant as well as plaintiff herein. His answer, therefore, in this cause should have been not only an answer as to plaintiff, but also a pleading in the nature of a cross-complaint as against

his codefendant Diehl. This was not done or attempted. And can it be contended that the averments as to *ultra vires* in the conduct of the agent, or as to fraud, as set forth in the answer herein, would have any standing in a suit brought by defendant for reformation or rescission of the deed? His averments as to fraud are all conclusions of law. No acts, representations, or conduct on the part of Diehl resulting in the insertion of the assuming clause in the deed, and showing in what the fraud consisted, are alleged. No circumstances surrounding the execution of the deed are alleged. The averment that at the time of the execution of the deed it was understood that the same should be made subject to the mortgage, is not incompatible with the further agreement that the grantee at said time further assumed and agreed to pay the mortgage indebtedness. The defendant seeks neither to reform nor to rescind. After acknowledging that the deed was executed to him, accepted by him, and placed on record; after acknowledging, by failing to deny, that he was the owner of the property from date of record until he verifies his answer, he seeks merely to be relieved from the liabilities of the contract, and yet retain the property or its proceeds. He must either affirm the act of his agent in toto, or repudiate it in toto. If he repudiates the deed because of unwarranted assumption of authority on the part of the agent, he must come into court with an offer to restore Diehl to his original *status*, either by proffer of reconveyance, or by offer to account for and pay over the proceeds if he has sold the property to third parties. In administering remedies by reforming or rescinding contracts, the fundamental theory is restoration. (Pomeroy's Equity Jurisprudence, § 910.)

Per CURIAM.—The ground upon which it is urged that this answer is insufficient in substance to constitute a defense is that if defendant Mantle sought to avoid the condition obliging him to personally assume and pay said debt inserted in said conveyance, on the ground that such condition was inserted by Diehl "through fraud, imposition, and deceit," and the deed containing the same was received by his agent without authority, then defendant should, on discovery of the

alleged fraud, have tendered a deed of the land back to Diehl; that Mantle cannot rescind or cancel part of the transaction whereby he took conveyance of said land—namely, the provision in the conveyance obliging him to personally pay said mortgage debt—without a restoration of the property to Diehl and wife; and that this should have been offered and set up in the answer of Mantle.

The court is of opinion that this objection cannot be maintained. Mantle acknowledges that he purchased said land from Diehl and wife subject to said mortgage thereon, but without any agreement to personally assume or pay the mortgage debt. Even if Mantle can avoid the alleged assumption or promise to pay said debt on the ground that he never assumed or authorized any one on his behalf to assume said debt, and that the provision for his assumption thereof was fraudulently inserted in said conveyance, this would not enable him to revoke the entire contract whereby he purchased said land. He would be bound in the transaction for the purchase, and could not throw back the land on the hands of Diehl, and recover the consideration which he paid therefor from Diehl, because there is no ground for that; but he resists the alleged agreement to personally assume and pay the mortgage debt, for the reasons above stated and set out in his answer.

That part of the transaction whereby Mantle purchased said property he does not seek to avoid, nor does he allege any cause therefor. But it does not follow that he cannot defend against the imposition of a condition upon him, which, according to the allegations of his answer, he never agreed to, and never authorized any agent to contract on his behalf, but which was fraudulently inserted in the transaction, by repudiating such alleged obligation as soon as discovered. If Mantle ought to tender back the premises to Diehl, then he ought to be allowed to recover the amount paid in the purchase of said property, but he could not recover the same because he authorized the purchase. He admits and appears to be willing to abide by the transaction, so far as he entered into it, or authorized it to be entered into on his behalf; but he seeks to defend against the imposition of the obligation upon him which he never entered into or authorized, according to his pleading.

Manifestly the objection of plaintiff in this respect is based upon a ground in no manner affecting his rights. What does it either advantage or injure plaintiff that Mantle shall or shall not tender conveyance of the mortgaged premises back to Diehl? This point, if tenable at all, would properly be raised or waived by Diehl himself, but he does not appear at all in this action. No doubt it would be inequitable to put upon Diehl a deficiency judgment for said mortgage debt, or any part thereof, without giving him the right to become purchaser of the mortgaged premises on payment of the mortgage debt, because Mantle took the premises in question "subject to the mortgage"; but the law provides such right in favor of Diehl, without canceling the sale of the premises from Diehl to Mantle, as to which sale there is no question of fraud or deceit, or want of authority on the part of Mantle's agent, alleged.

That there is no force in the proposition that his answer fails to state a substantial defense, because defendant Mantle has neglected to tender back the premises in question to his grantor Diehl, is shown by the situation of these parties to the litigation. The premises in question are beholden for the mortgage debt, and must go to satisfy the same. This is conceded by all. Therefore, if Mantle retains the property which he purchased, and had conveyed to him subject to the mortgage, he would be obliged to pay the mortgage debt in full; and that, of course, would relieve Diehl from the obligation thereof. But if Mantle does not see fit to relieve the property from the encumbrance by payment of the mortgage debt, the premises will be sold for such price as they will bring; and the deficiency judgment would, if Mantle has not assumed the same, fall upon Diehl alone, and the property would go to whosoever purchased it. Now, Diehl, in order to make the property pay the encumbrance, and avoid a deficiency judgment against himself, is at liberty to see that the property is sold for sufficient to pay off said debt, and thereby compel Mantle, if he keeps the same, to pay the debt, and relieve Diehl therefrom, or Diehl may become the purchaser, and take the property, if he is compelled to pay the debt or any part thereof.

It is therefore manifest, considering· the provisions of the law and the position of the respective parties, that there is no necessity to cancel the sale of said property from Diehl to Mantle, which undoubtedly rests upon other considerations, in order to give the party paying the mortgage debt the right to take the property. · The objection that the answer is uncertain and ambiguous, we think, is not well taken. Exceptions sustained. Judgment reversed. Case remanded for further proceedings.

*Reversed.*

HARWOOD and DE WITT, JJ., concur.